UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

HALIL IBRAHIM KILIC

CIVIL DOCKET NO.  1:25-CV-01928 SEC P

VERSUS

DISTRICT JUDGE EDWARDS

BRIAN ACUNA ET AL

MAGISTRATE JUDE PEREZ-MONTES

MEMORANDUM RULING

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by Petitioner, Halil Ibrahim Kilic ("Kilic").  Respondents filed a Response (ECF No. 11), and Kilic filed a Reply (ECF No. 12).  On April 23, 2026, the Court ordered Respondents to provide additional evidence by May 7, 2026.  ECF No. 16.  To date, the Government remains noncompliant.  ECF No. 17.

After careful consideration of the record, the parties' memoranda, and the applicable law, the Petition is GRANTED.

I.      BACKGROUND

Kilic is a citizen of Turkey who entered the United States on July 15, 2022, at El Paso, Texas.  ECF No. 1 at 4; 11-1 at 1.  He presented himself to immigration officials and was placed in removal proceedings under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA").  ECF No. 11-2 at 2.

1

Kilic was initially detained, but released on his own recognizance on an unspecified date "due to humanitarian reasons and lack of detention space." *Id.* at 1; ECF No. 1 at 5.[1]

According to the Government's exhibits, "the release on the Order of Recognizance was canceled following appropriate procedures and approved by AFOD [name redacted]." *Id.* Kilic has remained detained since.

On January 30, 2026, an immigration judge granted Kilic's application for asylum. ECF No. 11-3 at 3. The Government appealed, and the appeal is still pending.[2]

The Government filed a brief response to the Petition shortly after *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). It argues exclusively that Kilic is subject to mandatory detention during pending removal proceedings under 8 U.S.C. § 1225(b) and *Buenrostro-Mendez*. ECF No. 11. The Government declined to specifically address Kilic's other arguments, simply incorporating by reference the arguments raised in its opposition filed in *Avendano Lopez v. Garcia*, No. 25-cv-1776, ECF No. 13, filed December 12, 2025. *Id.*

Kilic filed a Reply arguing that *Buenrostro-Mendez* is distinguishable because that petitioner had never been detained and then released under 8 U.S.C. § 1226. Kilic also notes that *Buenrostro-Mendez* does not foreclose his constitutional claim. ECF No. 12.

---

[1] Petitioner alleges that he was detained 52 days.

[2] https://acis.eoir.justice.gov/en/

## II.   <u>LEGAL STANDARD</u>

A federal district court may grant a writ of habeas corpus to a petitioner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  And the Constitution guarantees the availability of the writ "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).

A petitioner "bears the burden of proving that he [or she] is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his [or her] burden of proof by a preponderance of the evidence."  *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (internal citations omitted).  A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require."  *Id.* (citing 28 U.S.C. § 2243).

## III.   <u>ANALYSIS</u>

First, the Court has jurisdiction to consider the Petition.  *See Diallo v. Trump*, 1:25-CV2012, 2026 WL 382606, at *1 (W.D. La. Feb. 4, 2026) (citing *Barros v. Noem*, 25-CV-488, 2025 WL 3154059, at *2–3 (W.D. Tex. Nov. 10, 2025)).

Kilic's case turns on whether the Government violated procedural due process rights when it re-detained him after three years of liberty in the community, without any individualized custody determination or hearing.[3]  That issue is distinct from

---

[3] Although the Encounter Details provide that "the release on the Order of Recognizance was canceled following appropriate procedures and approved by AFOD [name redacted]" (ECF No. 11-2), the Government has been unable or unwilling to provide evidence or explanation of same (ECF No. 17).  Kilic maintains that he was re-detained without notice or an opportunity to be heard.

whether Kilic may ultimately be statutorily detainable under § 1225(b). *See Hernandez-Fernandez v. Lyons*, No. 5:25-CV-00773-JKP, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Alvarado v. Vergara*, No. 1:26-CV-00309-DAE, 2026 WL 594366, at *3 (W.D. Tex. Mar. 2, 2026).

The Court therefore considers whether Kilic acquired a protectable interest in remaining at liberty following his release in 2022, such that due process required some form of individualized process before that liberty could be revoked. The Court finds that he did.

As this Court first noted in *Diallo v. Trump*, 25-CV-2012, 2026 WL 1230389 (W.D. La. Mar. 5, 2026), and other courts previously reasoned, the question of whether the Government can revoke a long-standing liberty interest without any hearing, notice, or individualized assessment remains constitutionally distinct from the statutory detention framework itself*, see Hernandez-Fernandez*, 2025 WL 2976923, at *7; *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 681–85 (W.D. Tex. 2025); *Vieira v. De Anda-Ybarra*, 806 F. Supp. 3d 690, 698–700 (W.D. Tex. 2025).

To determine whether Kilic's re-detention comports with due process, the Court applies the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976).

### 1. Private Interest

"The interest in being free from physical detention" is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *Martinez v. Noem,* 5:25-CV-1007, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025). Although the Fifth

Circuit has held that § 1225(b) provides for mandatory detention, *see Buenrostro-Mendez*, 166 F.4th at 498, that does not negate "the liberty interests created by the fact that the Petitioner[ ] in this case [was] released on recognizance prior to the manifestation of this interpretation." *Lopez-Arevelo*, 801 F.Supp.3d at 677–78 (citing *Espinoza v. Kaiser*, No. 1:25-CV-01101, 2025 WL 2581185, at *10 (E.D. Cal. Sept. 5, 2025)).

Kilic was initially detained upon entry into the United States, and then released under an Order of Release on Recognizance – Form I-220 ("OREC"). ECF No. 11-2 at 2. Although the Government failed to produce Kilic's OREC as ordered (ECF No. 16), a sample OREC is available on ICE's website, which identifies § 236 of the INA as authority for release.[4] And release under INA § 236, codified at § 1226(a), entitles an alien to a hearing before revocation. *See Thakur v. Chestnut*, 1:26-CV-0038, 2026 WL 1099018, at *2 (E.D. Cal. Apr. 23, 2026) (collecting cases); *Chiliquinga Yumbillo v. Stamper*, No. 2:25-CV-00479, 2025 WL 2783642, at *4 (D. Me. Sept. 30, 2025) (citing *Bermeo Sicha v. Bernal*, No. 1:25-CV-00418, 2025 WL 2494530, at *4–6 (D. Me. Aug. 29, 2025)); *see also Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981). There is no evidence in the record demonstrating that Kilic was afforded notice or an opportunity to be heard.

This factor favors Kilic.

---

[4] https://www.ice.gov/doclib/detention/checkin/I_220A_OREC.pdf. There is no contention that Kilic's OREC differed materially from the standard form.

### 2. Risk of Erroneous Deprivation

The second *Mathews* factor considers the risk of erroneous deprivation and the probable value of additional safeguards.

Kilic alleges that he was re-detained when he appeared as required, without notice or an opportunity to contest the basis for his detention, demonstrate compliance, or present evidence regarding flight risk or dangerousness. ECF No. 1 at 5. By treating him as categorically subject to mandatory detention after years of peaceful liberty in the community, the Government deprived Kilic of "an opportunity to contest the existence, nature, or significance of [any] supervision violations." *Espinoza*, 2025 WL 2581185, at *11. The risk of erroneous deprivation under such a procedure is substantial. *See Vieira*, 806 F.Supp.3d at 701 ("The risk lies in the automatic continued deprivation of liberty for a noncitizen who has already been determined to not be a flight risk nor a danger to the community, and has lived in the United States for a prolonged period of time, especially where there are no facts in the record to reflect material changes in Petitioner's dangerousness or flight risk"). Minimal safeguards—such as notice and an individualized custody determination— would materially reduce that risk. *See Alvarado*, 2026 WL 594366, at *4; *see also Hernandez-Fernandez*, 2025 WL 2976923, at *9 (citing *Velesaca v. Decker*, 458 F.Supp.3d 224, 242 (S.D.N.Y. 2020)).

This factor likewise weighs in Kilic's favor.

### 3. Government's Interest

The Government has a legitimate interest in preventing a detainee's flight and in protecting the community. *Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521, at \*8 (S.D. Tex. Nov. 14, 2025). And "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003).

"However, the government has little legitimate interest in suddenly detaining without a hearing noncitizens whom DHS already determined to be neither a flight risk nor a danger to the community." *Bermeo Sicha*, 2025 WL 2494530, at \*6 (citing *Hernandez-Lara v. Lyons*, 10 F.4th 19, 26 (1st Cir. 2021)). That is, the Government's interest is diminished where, as here, DHS itself previously determined that release into the community was appropriate, and where the record contains no evidence that Kilic poses a danger or flight risk. *See Saravia v. Sessions*, 280 F.Supp.3d 1168, 1176 (N.D. Cal. 2017), *aff'd* 905 F.3d 1137 (9th Cir. 2018) (explaining that initial release "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."). Furthermore, although the Government has appealed, an immigration judge has determined that Kilic is entitled to asylum. *See* ECF No. 11-3 at 3.

Accordingly, this factor also favors Kilic.

Because the *Mathews* factors weigh in Kilic's favor, the Court finds that his procedural due process rights under the Fifth Amendment were violated by his re-detention without constitutionally adequate process.

Given the particular facts presented here—including Kilic's release under § 1226, his three years of compliance and liberty in the community, the absence of evidence that he poses a danger or flight risk, the undisclosed nature of the re-detention process employed, and the immigration judge's order of asylum, albeit on appeal—the Court finds that release subject to reasonable conditions is appropriate. *See Hernandez v. Bernacke*, 2:26-CV-00355, 2026 WL 497340, at *2 (D. Nev. Feb. 23, 2026).

## IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.  Respondents are ORDERED to release Kilic from custody by 5:00 p.m. on June 10, 2026.  IT IS FURTHER ORDERED that the parties file a joint notice of compliance with this Order within 24 hours of release.

THUS DONE in Chambers on this 8th day of June, 2026.

Jerry Edwards, Jr.
United States District Judge

8